■ LEROY MITCHELL, Appellant, v. A. A. TRUCK RENTING CORP., Respondent.— In an action to recover damages for personal injury, plaintiff appeals, as limited by his briefs: (1) from so much of an order of the Supreme Court, Kings County, dated March 1, 1963, as denied his motion to renew a prior application to vacate the dismissal of the action and to restore it to the Trial Calendar; and (2) from an order of said court, dated March 29, 1963, which denied his motion to open his default and to restore the action to the Trial Calendar. Order of March 1, 1963, insofar as appealed from, affirmed, without costs. No opinion. Appeal from order of March 29, 1963 dismissed, without costs. In our opinion, under the circumstances presented, such order is in fact one denying reargument. As such, it is not appealable (*Smith* v. *Hoffman,* 8 A D 2d 958, 959). [For prior related appeal, see *Mitchell* v. *A. A. Truck Renting Corp.,* 9 A D 2d 682.] Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARMINE VITAGLIANO and ALEXANDER WRIGHT, Appellants.— Appeals by defendants Vitagliano and Wright from a judgment of the former County Court, Queens County, rendered June 28, 1961 after a joint jury trial, which convicted them (and one Anfossi) of robbery in the first degree, of petit larceny and of assault in the second degree, while acting in concert, and which imposed sentence upon the defendant Vitagliano as a first felony offender, and upon the defendant Wright as a second felony offender. Judgment affirmed as to the defendant Vitagliano. Judgment reversed on the law as to the defendant Wright; and the action severed and a new trial granted as to him. The findings of fact implicit in the jury's verdict are affirmed. In our opinion, the search without a warrant of defendant Wright's apartment, and his subsequent arrest which occurred four blocks away from such apartment and some 47 days after the search, rendered inadmissible as evidence against him upon the trial the revolver found in the search. Such lapse of time and such divergence between the place of search and the *locus* of the arrest violate the rule that a search without a warrant is to be deemed incidental to an arrest and lawful "only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest" (*Stoner* v. *California,* 376 U. S. 483, 486; *Preston* v. *United States,* 376 U. S. 364). We have considered all the other points raised by both defendants, and have concluded that such points are without merit. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.